AZRA Z. MEHDI (SBN 220406)
THE MEHDI FIRM, PC
One Market
Spear Tower, Suite 3600
San Francisco, California 94105
Telephone: (415) 293-8039
Facsimile: (415) 293-8001
Email: azram@themehdifirm.com

*Local Counsel for Plaintiff*

ALBERT M. MYERS (admitted *Pro Hac Vice*)
MELINDA A. NICHOLSON (admitted *Pro Hac Vice*)
MICHAEL J. PALESTINA (to seek *Pro Hac Vice* admission)
KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, LA 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| TROY LOWRY, derivatively on behalf of VIOLIN MEMORY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DONALD G. BASILE, CORY JOSEPH SINDELAR, DIXON RAYMOND DOLL, JR., JEFFREY J. NEWMAN, HOWARD ALLEN BAIN III, LAWRENCE J. LANG, DAVID BRADLEY WALROD, and MARK NEAL ROSENBLATT, <br><br> Defendants, <br><br> -and- <br><br> VIOLIN MEMORY, INC., <br><br> Nominal Defendant. | Case No.: 4:13-cv-05768-YGR <br><br> **STIPULATION AND [*PROPOSED*] ORDER FOR STAY** |

## NATURE OF THE CASE

This is a shareholder derivative action brought by a purported shareholder of Violin Memory, Inc. ("Violin Memory" or the "Company"), derivatively on behalf of Violin Memory to recover corporate losses for the Company (the "Derivative Action"). Specifically, plaintiff Troy Lowry ("Plaintiff") alleges that: (i) the officers and directors of Violin Memory, defendants Donald G. Basile, Cory Joseph Sindelar, Dixon Raymond Doll, Jr., Jeffrey J. Newman, Howard Allen Bain, III, Lawrence J. Lang, David Bradley Walrod, and Mark Neal Rosenblatt (collectively, the "Individual Defendants" and, together with Violin Memory, the "Defendants"), breached their fiduciary duties to nominal defendant Violin Memory by failing to ensure the accurate and timely reporting of the Company's operating results and financial condition; (ii) defendants Basile, Doll, and Sindelar were unjustly enriched through, among other things, the compensation they received from the Company at a time when the Company was experiencing losses; and (iii) the Individual Defendants wasted corporate assets in connection with defendants Basile, Doll and Sindelar's compensation, the Company's initial public offering, and the alleged breaches of fiduciary duties. The lawsuit seeks to recover corporate losses and damages resulting from these alleged breaches of fiduciary duty, unjust enrichment, and corporate waste on behalf of the Company.

A related consolidated securities class action lawsuit alleging violations of the federal securities laws based on similar facts and circumstances at issue in the Derivative Action, styled *In re Violin Memory Inc. Securities Litigation*, Master File No. 4:13-cv-5486-YGR (the "Securities Class Action"), is currently pending before the Court. Courts routinely stay shareholder derivative actions pending motions to dismiss related securities class actions in order to simplify the issues in question in the derivative action, streamline the trial of the derivative action, reduce the burden of litigation on the parties and the court, and avoid potential prejudice to the company's defense of the securities class action. *See, e.g., In re Groupon Derivative Litig.*, No. 12-cv-5300, 2012 U.S. Dist. LEXIS 106926, at **12–26 (N.D. Ill. July 31, 2012); *Cucci v. Edwards*, No. SACV 07-532 PSG (MLGx), 2007 U.S. Dist.

LEXIS 86832, at \*\*4–7 (C.D. Cal. Oct. 31, 2007). Accordingly, the parties agree that the Derivative Action should be stayed until a ruling on a motion to dismiss in the Securities Class Action.

**STIPULATION**

WHEREAS, the parties and their respective counsel in the Derivative Action have now conferred and agree that the ongoing litigation of the Securities Class Action will be informative to the litigation of the Derivative Action.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the parties set forth below, by their undersigned counsel, subject to the approval of the Court, as follows:

1. The parties agree that a stay of the Derivative Action is appropriate in that it will avoid inefficiencies and duplicative efforts, will better preserve the resources of the parties and the Court, and will more closely align the proceedings in the Derivative Action with the proceedings in the Securities Class Action. The proceedings in the Derivative Action shall be temporarily stayed until the earliest to occur of: (a) thirty (30) days following the commencement of any shareholder derivative action alleging substantially the same facts and claims as those in the Derivative Action in any federal or state court ("New Derivative Action(s)"); (b) Defendants' filing of an answer to the complaint in the Securities Class Action (including, if applicable, an amended or consolidated complaint); (c) thirty (30) days following entry of an order in the Securities Class Action denying in whole or in part a motion to dismiss the Securities Class Action; or (d) thirty (30) days following notice to the Court that the parties in the Securities Class Action have come to an agreement to settle the Securities Class Action.

2. Upon the commencement of any New Derivative Action(s) pursuant to ¶1(a) above, the parties shall immediately confer and in good faith attempt to coordinate the Derivative Action and the New Derivative Action(s), including to seek consolidation of any New Derivative Action(s) filed in or transferred to this Court with the Derivative Action. Plaintiff shall have thirty (30) days from the filing of an answer or the entry of an order or notice specified in ¶¶1(b)–(d) above to file an amended complaint in the Derivative Action or to stand on his existing Complaint. Defendants will answer, move

against, or otherwise respond to the amended complaint or Complaint within thirty (30) days after Plaintiff files an amended complaint or elects to stand on his existing Complaint.

3. In the event that Defendants file and serve any motions directed at Plaintiff's operative complaint, Plaintiff shall file and serve his opposition with thirty (30) days after service of Defendants' motion. If Defendants file and serve a reply to Plaintiff's opposition, they will do so within fifteen (15) days after service of Plaintiff's opposition. Counsel agree to confer to select a hearing date.

4. <u>Discovery</u>.

(a) In the event that Defendants produce any Discovery (defined below) to the plaintiffs in the Securities Class Action or in any New Derivative Action(s) during the pendency of the stay, by way of Court order or otherwise, Defendants shall produce to Plaintiff in the Derivative Action copies of that discovery in the form and manner in which such discovery is produced to plaintiffs in the Securities Class Action or the New Derivative Action(s), provided that the undersigned counsel for Plaintiff agree to enter into and be bound a protective order that is substantially similar to any protective order entered in the Securities Class Action or the New Derivative Action(s), and Plaintiff agrees to pay the costs of producing the additional copy of the discovery. For purposes of this agreement, "Discovery" is defined to include, without limitation, all documents produced by any of the Defendants in such action(s); all formal responses by any of the Defendants to interrogatories, requests for production, or requests for admission in such action(s); and true and correct copies of all transcripts and exhibits for any deposition taken of any defendant, including, but not limited to, employees of the Company, in such action(s).

(b) All Discovery which Plaintiff shall have access to in the Securities Class Action or any New Derivative Action(s) pursuant to this agreement shall be considered the same as if such Discovery had been taken in the Derivative Action.

5. The parties agree that, in the event a formal settlement conference and/or mediation in the Securities Class Action or any New Derivative Action(s) is scheduled by order of any court, Defendants

1  will provide Plaintiff with sufficient notice of such settlement conference or mediation so that Plaintiff
2  may seek permission from the respective court to participate. In the event a formal settlement conference
3  and/or mediation in the Securities Class Action or any New Derivative Action(s) is scheduled by the
4  parties in the action(s), Defendants will invite Plaintiff to participate. Plaintiff shall receive notice of any
5  settlement proposal made in the Securities Class Action or any New Derivative Action(s) that purports
6
7  to resolve, affect or relate to any claim in the Derivative Action, within 48 hours of such proposal being
8  made. In addition, Plaintiff shall receive 48 hours' notice prior to any such settlement being concluded.

9       6.    This Order shall apply to each New Derivative Action(s), arising out of the same or
10  substantially the same transactions or events as the Derivative Action, which is subsequently filed in or
11  transferred to this Court.

12       7.    When a New Derivative Action(s) which is related to and should be consolidated with the
13
14  Derivative Action is hereafter filed in the Court or transferred here from another court, counsel shall
15  promptly call to the attention of the clerk of the Court the filing or transfer of any case which might
16  properly be consolidated with the Derivative Action, and counsel are to assist in assuring that counsel in
17  subsequent actions receive notice of this Order.

18  **SO STIPULATED.**

19  Dated: February 18, 2014　　　　　　　　　　AZRA Z. MEHDI (State Bar No. 220406)
20  　　　　　　　　　　　　　　　　　　　　　THE MEHDI FIRM, PC
　　　　　　　　　　　　　　　　　　　　　　One Market
21  　　　　　　　　　　　　　　　　　　　　　Spear Tower, Suite 3600
　　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94105
22  　　　　　　　　　　　　　　　　　　　　　Telephone: 415-293-8039
　　　　　　　　　　　　　　　　　　　　　　Facsimile: 415-293-8001
23  　　　　　　　　　　　　　　　　　　　　　Email: azram@themehdifirm.com
24  　　　　　　　　　　　　　　　　　　　　　By:    */s Azra Z. Mehdi*
　　　　　　　　　　　　　　　　　　　　　　　　　　AZRA Z. MEHDI
25  　　　　　　　　　　　　　　　　　　　　　*Local Counsel for Plaintiff*

26  Dated: February 18, 2014　　　　　　　　　　ALBERT M. MYERS (admitted *Pro Hac Vice*)
27  　　　　　　　　　　　　　　　　　　　　　MELINDA A. NICHOLSON (admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　　　MICHAEL J. PALESTINA (to seek *Pro Hac Vice*
28  　　　　　　　　　　　　　　　　　　　　　admission)
　　　　　　　　　　　　　　　　　　　　　　KAHN SWICK & FOTI, LLC

- 5 -

|   |   |
|---|---|
| 1 | 206 Covington Street |
| 2 | Madisonville, LA 70447 |
|   | Telephone: (504) 455-1400 |
|   | Facsimile: (504) 455-1498 |

By:   *s/ Melinda A. Nicholson*
         MELINDA A. NICHOLSON

*Attorneys for Plaintiff*

Dated: February 18, 2014    MICHAEL D. TORPEY
JAMES N. KRAMER
CHRISTIN J. HILL
ALEXIS YEE-GARCIA
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700
Facsimile (415) 773-5759
mtorpey@orrick.com
jkramer@orrick.com
chill@orrick.com
aygarcia@orrick.com

By:   *s/ Christin J. Hill*
         CHRISTIN J. HILL

*Attorneys for Defendants*

I attest and certify that I received permission from defendants' counsel before e-filing this document and will retain proof of this permission.

DATED: February 18, 2014    AZRA Z. MEHDI (State Bar No. 220406)
THE MEHDI FIRM, PC
One Market
Spear Tower, Suite 3600
San Francisco, CA 94105
Telephone: 415-293-8039
Facsimile: 415-293-8001
Email: azram@themehdifirm.com

By:   */s Azra Z. Mehdi*
         AZRA Z. MEHDI

*Local Counsel for Plaintiff*

## [*PROPOSED*] ORDER

Based on the stipulation of the signed parties, and good cause appearing, IT IS HEREBY ORDERED that the Stipulation is approved and the Action is hereby STAYED until a ruling on a motion to dismiss in *In re Violin Memory Inc. Securities Litigation*, Master File No. 4:13-cv-5486-YGR, is issued or a New Derivative Action(s) is filed, pursuant to the terms of the Stipulation.

**IT IS SO ORDERED.**

DATED: February 26, 2014

_____
HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on, I authorized the electronic filing of the Stipulation and [Proposed] Order for Stay, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 18, 2014.

/s/
AZRA Z. MEHDI