1  AZRA Z. MEHDI (SBN 220406)
   THE MEHDI FIRM, PC
2  One Market
   Spear Tower, Suite 3600
3  San Francisco, California 94105
   Telephone: (415) 293-8039
4  Facsimile: (415) 293-8001
   Email: azram@themehdifirm.com
5
   *Local Counsel for Plaintiff*
6
   MELINDA A. NICHOLSON (admitted *Pro Hac Vice*)
7  MICHAEL J. PALESTINA (to seek *Pro Hac Vice* admission)
   KAHN SWICK & FOTI, LLC
8  206 Covington Street
   Madisonville, LA  70447
9  Telephone: (504) 455-1400
   Facsimile: (504) 455-1498
10
   *Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TROY LOWRY, derivatively on behalf of VIOLIN MEMORY, INC., | CASE NO. 4:13-cv-05768-YGR |
| Plaintiff, | **STIPULATION AND [*PROPOSED*] ORDER FOR STAY** |
| vs. | |
| DONALD G. BASILE, CORY JOSEPH SINDELAR, DIXON RAYMOND DOLL, JR., JEFFREY J. NEWMAN, HOWARD ALLEN BAIN III, LAWRENCE J. LANG, DAVID BRADLEY WALROD, and MARK NEAL ROSENBLATT, | |
| Defendants, | |
| -and- | |
| VIOLIN MEMORY, INC., | |
| Nominal Defendant. | |

**NATURE OF THE CASE**

This is a shareholder derivative action brought by a purported shareholder of Violin Memory, Inc. ("Violin Memory" or the "Company"), derivatively on behalf of Violin Memory to recover corporate losses for the Company (the "Derivative Action").  Specifically, plaintiff Troy Lowry ("Plaintiff") alleges that: (i) the officers and directors of Violin Memory, Defendants Donald G. Basile, Cory Joseph Sindelar, Dixon Raymond Doll, Jr., Jeffrey J. Newman, Howard Allen Bain, III, Lawrence J. Lang, David Bradley Walrod, and Mark Neal Rosenblatt (collectively, the "Individual Defendants" and, together with Violin Memory, the "Defendants"), breached their fiduciary duties to nominal defendant Violin Memory by failing to ensure the accurate and timely reporting of the Company's operating results and financial condition; (ii) Defendants Basile, Doll, and Sindelar were unjustly enriched through, among other things, the compensation they received from the Company at a time when the Company was experiencing losses; and (iii) the Individual Defendants wasted corporate assets in connection with Defendants Basile, Doll and Sindelar's compensation, the Company's initial public offering, and the alleged breaches of fiduciary duties.  The lawsuit seeks to recover corporate losses and damages resulting from these alleged breaches of fiduciary duty, unjust enrichment, and corporate waste on behalf of the Company.

A related consolidated securities class action lawsuit alleging violations of the federal securities laws based on similar facts and circumstances at issue in the Derivative Action, styled *In re Violin Memory Inc. Securities Litigation*, Master File No. 4:13-cv-5486-YGR (the "Securities Class Action"), is currently pending before the Court.  Pursuant to an Order entered in the Derivative Action on February 26, 2014 (the "Stay Order"), the Derivative Action was temporarily stayed until thirty (30) days following entry of an order in the Securities Class Action denying in whole or in part a motion to dismiss the Securities Class Action.  On October 31, 2014, the Court issued an order in the Securities Class Action Granting in Part the Securities

STIPULATION AND [*PROPOSED*] ORDER FOR STAY

- 1 -

Class Action Defendants' Motions to Dismiss, with leave to amend. Securities Class Action Dkt. No. 87. Accordingly, pursuant to the Stay Order, the temporary stay of the Derivative Action was to be lifted as of December 1, 2014.

The parties in the Securities Class Action agreed to a schedule for the filing of an amended complaint and motion to dismiss the amended complaint, pursuant to a Stipulation and Scheduling Order entered by the Court on November 12, 2014. Securities Class Action Dkt. No. 89. Pursuant to this schedule, on November 21, 2014, the Securities Class Action plaintiffs filed an amended complaint, amending their claims against the underwriter defendants only. Securities Class Action Dkt. No. 90.

Pursuant to an Order entered in the Derivative Action on December 2, 2014, the Court extended the stay of the Derivative Action until January 30, 2015, to allow the parties to continue to discuss the most efficient prosecution of this action in light of developments in the Securities Class Action.

On December 19, 2014, the Securities Class Action defendants filed motions to dismiss the amended complaint. Securities Class Action Dkt. Nos. 92, 95. Thereafter, on January 16, 2015, the Court so ordered a stipulation amending the briefing schedule for the motions to dismiss the amended complaint. Securities Class Action Dkt. No. 98. Pursuant to the January 16, 2015 Order, the Securities Class Action plaintiffs filed their response to the motions to dismiss on January 23, 2015. Securities Class Action Dkt. No. 100.

Pursuant to an Order entered in the Derivative Action on February 3, 2015, the Court extended the stay of the Derivative Action until thirty (30) days following entry of an order in the Securities Class Action denying in whole or in part a motion to dismiss the amended complaint filed in the Securities Class Action (the "Continued Stay Order").

On February 13, 2015, the Securities Class Action defendants filed reply briefs in further support of their motions to dismiss the amended complaint. Securities Class Action Dkt. Nos.

STIPULATION AND [*PROPOSED*] ORDER FOR STAY

101, 102.  On April 30, 2015, the Court issued an order in the Securities Class Action Granting in Part the Securities Class Action Defendants' Motions to Dismiss and ordering that a new amended complaint in line with the order be filed within seven days.  Securities Class Action Dkt. No. 107.  On May 6, 2015, the Securities Class Action plaintiffs filed their second amended consolidated class action complaint.  Securities Class Action Dkt. No. 108.  The Securities Class Action defendants filed answers on May 20 and May 21, 2015.  Securities Class Action Dkt. Nos. 109, 110.

**STIPULATION**

WHEREAS, pursuant to the Continued Stay Order, the parties and their respective counsel in the Derivative Action have met and conferred regarding the most efficient prosecution of this action in light of developments in the Securities Class Action;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the parties set forth below, by their undersigned counsel, subject to the approval of the Court, as follows:

1. The parties agree that a continued stay of the Derivative Action is appropriate in that it will avoid inefficiencies and duplicative efforts, will better preserve the resources of the parties and the Court, and will more closely align the proceedings in the Derivative Action with the proceedings in the Securities Class Action.

2. Defendants' time to answer, move against, or otherwise respond to the Derivative Action complaint shall be extended pending further litigation of the Securities Class Action.

3. The stay of the proceedings in the Derivative Action shall be lifted following the commencement of any shareholder derivative action alleging substantially the same facts and claims as those in the Derivative Action in any federal or state court ("New Derivative Action(s)").  Upon the commencement of any New Derivative Action(s), the parties shall immediately confer and in good faith attempt to coordinate the Derivative Action and the New

STIPULATION AND [*PROPOSED*] ORDER FOR STAY

1  Derivative Action(s), including to seek consolidation of any New Derivative Action(s) filed in or
2  transferred to this Court with the Derivative Action. Within thirty (30) days of the lifting of the
3  stay after the filing of a New Derivative Action(s), the parties will file a proposed schedule
4  regarding further prosecution of the Derivative Action with the Court.

5        4.      The parties agree that, in the event a formal settlement conference and/or
6  mediation in the Securities Class Action or any New Derivative Action(s) is scheduled by order
7  of any court, Defendants will provide Plaintiff with sufficient notice of such settlement
8  conference or mediation so that Plaintiff may seek permission from the respective court to
9  participate. In the event a formal settlement conference and/or mediation in the Securities Class
10 Action is scheduled by the parties in the action, Defendants will provide Plaintiff with sufficient
11 notice of such settlement conference or mediation so that Plaintiff may seek permission from the
12 respective parties to participate. In the event a formal settlement conference and/or mediation in
13 any New Derivative Action(s) is scheduled by the parties in the action(s), Defendants will invite
14 Plaintiff to participate. Plaintiff shall receive notice of any settlement proposal made in the
15 Securities Class Action or any New Derivative Action(s) that purports to resolve, affect or relate
16 to any claim in the Derivative Action, within 48 hours of such proposal being made. In addition,
17 Plaintiff shall receive 48 hours notice prior to any such settlement being concluded.

18       5.      This Order shall apply to each New Derivative Action(s), arising out of the same
19 or substantially the same transactions or events as the Derivative Action, which is subsequently
20 filed in or transferred to this Court.

21       6.      When a New Derivative Action(s) which is related to and should be consolidated
22 with the Derivative Action is hereafter filed in the Court or transferred here from another court,
23 counsel shall promptly call to the attention of the clerk of the Court the filing or transfer of any
24 case which might properly be consolidated with the Derivative Action, and counsel are to assist
25 in assuring that counsel in subsequent actions receive notice of this Order.

STIPULATION AND [*PROPOSED*] ORDER FOR STAY

- 4 -

7. The parties will confer in a status conference among each other no less frequently than every four (4) months following the effective date hereof, so as to update Plaintiffs on the status of the Securities Class Action, the possible effect of this action on the Derivative Action, and address any related matters.

8. At any time a party may file a motion with the Court seeking to modify the terms of this Order, which may be opposed by any other party.

**SO STIPULATED.**

Dated: June 24, 2015

MICHAEL D. TORPEY
JAMES N. KRAMER
CHRISTIN J. HILL
ALEXIS YEE-GARCIA
ORRICK, HERRINGTON & SUTCLIFFE LLP

By:   */s/ Christin J. Hill*
        CHRISTIN J. HILL

*Attorneys for Defendants*

Dated: June 24, 2015

AZRA Z. MEHDI (State Bar No. 220406)
THE MEHDI FIRM, PC
One Market
Spear Tower, Suite 3600
San Francisco, CA 94105
Telephone: 415-293-8039
Facsimile: 415-293-8001
Email: azram@themehdifirm.com

By:   */s/ Azra Z. Mehdi*
        AZRA Z. MEHDI

*Local Counsel for Plaintiff*

STIPULATION AND [*PROPOSED*] ORDER FOR STAY

- 5 -

| | | |
|---|---|---|
| 1 | Dated: June 24, 2015 | MELINDA A. NICHOLSON (admitted *Pro Hac Vice*) |
| 2 | | MICHAEL J. PALESTINA (to seek *Pro Hac Vice* admission) |
| 3 | | KAHN SWICK & FOTI, LLC |
| | | 206 Covington Street |
| 4 | | Madisonville, LA  70447 |
| | | Telephone: (504) 455-1400 |
| 5 | | Facsimile: (504) 455-1498 |

By:            */s/Melinda Nicholson*
      MELINDA A. NICHOLSON

*Attorneys for Plaintiff*

I attest and certify that I received permission from defendants' counsel before e-filing this document and will retain proof of this permission.

Dated: June 24, 2015    AZRA Z. MEHDI (State Bar No. 220406)
THE MEHDI FIRM, PC
One Market
Spear Tower, Suite 3600
San Francisco, CA 94105
Telephone: 415-293-8039
Facsimile: 415-293-8001
Email: azram@themehdifirm.com

By:    */s/ Azra Z. Mehdi*
      AZRA Z. MEHDI

*Local Counsel for Plaintiff*

STIPULATION AND [*PROPOSED*] ORDER FOR STAY

- 6 -

\* \* \*

## [*PROPOSED*] ORDER

Based on the stipulation of the signed parties, and good cause appearing, IT IS HEREBY ORDERED that the Stipulation is approved and the Action is hereby STAYED pending further developments in *In re Violin Memory Inc. Securities Litigation*, Master File No. 4:13-cv-5486-YGR or a New Derivative Action(s) is filed, pursuant to the terms of the Stipulation.

**IT IS SO ORDERED.**

DATED: _____, 2015   _____
HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE