UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY LOWRY, derivatively on behalf of VIOLIN MEMORY, INC.<br><br>     Plaintiff,<br><br> vs.<br><br>DONALD G. BASILE, CORY J. SINDELAR, DIXON R. DOLL, JR., JEFFERY J. NEWMAN, HOWARD ALLEN BAIN III, LAWRENCE J. LANG, DAVID B. WALROD and MARK N. ROSENBLATT,<br><br>     Defendants,<br> -and-<br><br>VIOLIN MEMORY, INC.,<br><br>     Nominal Defendant. | CASE NO.:   4:13-cv-05768-YGR |

**[PROPOSED] ORDER SETTING SCHEDULE AND
PRELIMINARILY APPROVING PROPOSED SETTLEMENT**

The parties to the above-styled shareholder derivative action (the "Derivative Action"), currently pending before the United States District Court for the Northern District of California (the "Court"), having applied pursuant to Federal Rule of Civil Procedure 23.1 for an order preliminarily approving the proposed settlement of the Derivative Action in accordance with the Stipulation and Agreement of Compromise, Settlement and Release entered into by the parties on June 29, 2016 (the "Stipulation," Attached hereto as Exhibit A), upon the terms and conditions set forth therein (the "Settlement"); the Court having read and considered the Stipulation and accompanying documents; and all parties having consented to the entry of this Order,

**NOW, THEREFORE**, **IT IS HEREBY ORDERED** that:

1. Except for terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Order.

1

2. The Court preliminarily approves the Settlement, as embodied in the Stipulation and the exhibits attached thereto, as fair, reasonable and adequate, pending a final hearing on the proposed Settlement as provided herein.

3. For the purposes of the proposed Settlement only, the Court preliminarily finds that the Derivative Action was properly brought as a derivative action for and on behalf of Violin Memory, Inc. ("Violin Memory" or the "Company") and that Plaintiff fairly and adequately represents the interests of Violin Memory stockholders ("Company Stockholders") similarly situated in enforcing the rights of the Company.

4. Plaintiff's counsel is authorized to act on behalf of Company Stockholders with respect to all acts required by the Stipulation or such other acts which are reasonably necessary to consummate the Settlement set forth in the Stipulation.

5. A hearing (the "Settlement Hearing") shall be held on October 25, 2016 at 2:00 p.m., Pacific Time, at the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 1 – 4th Floor, 1301 Clay Street, Oakland, California 94612, to:

    a. determine whether the Settlement should be approved as fair, reasonable and adequate;

    b. determine whether an Order and Final Judgment should be entered dismissing the Derivative Action with prejudice;

    c. determine whether counsel for Plaintiff's application for attorneys' fees and expenses should be approved; and

    d. rule on such other matters as the Court may deem appropriate.

6. The Court reserves the right to (i) approve the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the parties to the Stipulation and without further notice to Company Stockholders; and (ii) adjourn the Settlement

Hearing or any adjournment thereof, without further notice of any kind to Company Stockholders.

7. Within ten (10) business days following entry of this Order: (i) the Company shall cause the Stipulation to be filed with the Securities and Exchange Commission on Form 8-K; (ii) the Company shall post a link to the Stipulation and Notice on the Company's website; (iii) Plaintiff's Counsel shall publish the Notice through a national wire service; and (iv) and counsel for Plaintiff shall post the Notice on its website. The costs of such forms of notice reflected above shall be borne in accordance with the terms of the Stipulation. The Parties shall, at or before the Final Hearing, file with the Court proof of publication of the required notice.

8. The Court approves, in form and substance, the Notice (attached hereto as Exhibit B), and finds that the form and method of notice specified herein constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement Hearing to all persons entitled to receive such notice and fully satisfies the requirements of due process, Federal Rule of Civil Procedure 23.1 and applicable law.

9. All proceedings and pending deadlines in the Derivative Action, other than such proceedings as may be necessary to effectuate the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.

10. Any Company Stockholder who objects to any aspect of the Settlement or the Order and Final Judgment to be entered in the Derivative Action, may appear in person or by his or her attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant; *provided, however*, that, except for good cause shown, no person other than Counsel for Plaintiff, and counsel for Defendants and the Company shall be heard and no papers, briefs, pleadings or other documents submitted by any Company Stockholder shall be considered

by the Court unless, not later than twenty-one (21) days prior to the Settlement Hearing directed herein, or by October 4, 2016:  (i) a statement of the objections by the Company Stockholder to the proposed Settlement of the above-captioned action; (ii) the grounds for such objections; and (iii) proof of ownership of Company common stock, as well as all documents or writings such person desires the Court to consider, are filed by such person with the Court, and, on or before such filing, are served by hand or mail on the following:

Counsel for Plaintiff:	KAHN SWICK & FOTI, LLC
	Melinda A. Nicholson
	206 Covington Street
	Madisonville, LA  70447

Counsel for the Individual	ORRICK HERRINGTON & SUTCLIFFE
Defendants and the Company:	LLP
	James N. Kramer
	M. Todd Scott
	405 Howard St.
	San Francisco, CA 94105

11. Any Company Stockholder who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding unless the Court orders otherwise.

12. All papers in support of the Settlement or the award of attorneys' fees and expenses shall be filed and served fourteen (14) days prior to the deadline for Company Stockholders to object to the Settlement, or by September 20, 2016, and all reply papers shall be filed and served seven (7) calendar days before the Settlement Hearing, or by October 18, 2016.

13. If the Settlement is approved by the Court following the Settlement Hearing, an Order and Final Judgment will be entered as described in the Stipulation.

14. If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the parties as provided for in the Stipulation), and certifications herein and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect, except for the Company's, Plaintiff's and Plaintiff's counsel's obligations to pay, in accordance with the terms of the Stipulation, expenses incurred in connection with provision of the notice prescribed by this Order. In that event, neither the Stipulation, nor any provision contained in the Stipulation, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party, shall be deemed an admission, concession or received as evidence in this or any other action or proceeding.

15. The existence of the Stipulation, its contents, and any negotiations, statements, or proceedings in connection therewith will not be argued to be, and will not be construed or deemed to be, a presumption, concession or admission by any of the Released Parties or any other person of any fault, liability or wrongdoing as to any facts or claims alleged or asserted in the Derivative Action or otherwise or that the Company, Plaintiff, Plaintiff's counsel or any present or former stockholders of the Company or any other person, have suffered any damage attributable in any manner to any of the Released Parties. Nor shall the existence of the Stipulation and its contents or any negotiations, statements or proceedings in connection therewith be construed as a presumption, concession or admission by Plaintiff or Plaintiff's counsel of any lack of merit of the Released Claims, or that the Company has not suffered cognizable damages caused by Defendants. The existence of the Stipulation, its contents or any negotiations, statements or proceedings in connection therewith, shall not be offered or admitted

in evidence or referred to, interpreted, construed, invoked or otherwise used by any person for any purpose in the Derivative Action or otherwise, except as may be necessary to effectuate the Settlement.  Notwithstanding the foregoing, any of the Released Parties may file the Stipulation or any judgment or order of the Court related hereto in any other action that may be brought against them, in order to support any and all defenses or counterclaims based on *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Company Stockholders, and the Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**It is SO ORDERED.**


Dated:  August 23, 2016

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE